IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IQTADAR AHMED,

        Plaintiff,                  No. CIV S-10-3069 GEB EFB PS

        vs.

SAN JOAQUIN REGIONAL
RAIL COMMISSION,

        Defendant.               <u>ORDER</u>
_____/

        This case, in which plaintiff is proceeding *in forma pauperis* and *in propria persona*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).  Defendant moves to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim and, alternatively, moves pursuant to Rule 12(e) for a more definite statement.  Dckt. No. 8.  For the reasons stated herein, defendant's Rule 12(b)(6) motion to dismiss is granted with leave to amend and defendant's Rule 12(e) motion for a more definite statement is denied.

I.      <u>BACKGROUND</u>

        On November 15, 2010, plaintiff filed an employment discrimination complaint against his former employer San Joaquin Regional Rail Commission pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 ("Title VII").  Compl., Dckt. No. 1, ¶ 3.  According to

the complaint, the acts complained of in this suit are the termination of plaintiff's employment and the following other acts: "retaliation, favoritism, liking and disliking, raise denial, promotion." *Id.* ¶ 4. The complaint alleges that defendant discriminated against plaintiff on the basis of his race or color, his religion, and his national origin. *Id.* ¶ 5. The complaint further alleges that the basis surrounding plaintiff's claim of discrimination are as follows: "(1) my supervisor denied my one day off to perform my religious activity" and "(2) religion." *Id.* ¶ 6. According to the complaint, the alleged discrimination occurred on or about August or September 2008. *Id.* ¶ 7. Plaintiff was issued a Notice-of-Right-to-Sue letter by the Equal Employment Opportunity Commission on September 2, 2010. *Id.* ¶ 9, p.4.

## II.   RULE 12(b)(6) MOTION TO DISMISS

Defendant moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(6), arguing that the complaint fails to state sufficient facts to support a claim of relief. Def.'s Mot., Dckt. No. 8, at 3. Defendant contends that although plaintiff "makes a host of legal claims, including discrimination and retaliation, as well as a legal theory of 'liking and disliking' which is indecipherable," plaintiff utilized a pro forma complaint and "provided essentially only one sentence that describes the facts of his case."[1] *Id.* Defendant contends that the complaint "is also devoid of any connection between [plaintiff's] claim that the employer allegedly denied him

---

[1] Defendant also moves to dismiss plaintiff's complaint with prejudice pursuant to Rule 41(b) for failure to comply with court orders and this court's Local Rules. *See* Dckt. No. 16. Specifically, defendant contends that plaintiff failed to file an opposition or a statement of non-opposition after defendant initially filed the motion to dismiss and that after this court issued an order to show cause to plaintiff for that failure, plaintiff still failed to file a valid opposition. *Id.* Defendant contends that instead of an opposition, plaintiff "submitted a letter dated February 2, 2011 consisting of a mishmash of a quasi-chronology, newspaper articles, emails, memoranda, and newsletters that had no semblance to an Opposition brief." *Id.* at 3. Nonetheless, defendant has not shown that dismissal of plaintiff's complaint is warranted under Rule 41(b). *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir.1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998) ("[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'"). Therefore, the court declines to dismiss this action pursuant to Rule 41(b).

1   one day off to perform his religious activity and the claim of retaliation, denial of raise, and

2   denial of promotion." *Id.*

3         To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a

4   complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it

5   must contain factual allegations sufficient to "raise a right to relief above the speculative level."

6   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something

7   more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable

8   right of action."  *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216,

9   pp. 235-36 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as

10   true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

11   1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the

12   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

13   defendant is liable for the misconduct alleged."  *Id.*  Dismissal is appropriate based either on the

14   lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable

15   legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

16         In considering a motion to dismiss, the court must accept as true the allegations of the

17   complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

18   the pleading in the light most favorable to the party opposing the motion, and resolve all doubts

19   in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

20   (1969).  The court will "'presume that general allegations embrace those specific facts that are

21   necessary to support the claim.'"  *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256

22   (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

23         Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

24   *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.

25   1985).  However, the court's liberal interpretation of a pro se litigant's pleading may not supply

26   essential elements of a claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.

3

1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual

allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v.

Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept

unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643

F.2d 618, 624 (9th Cir. 1981).

The court may consider facts established by exhibits attached to the complaint. *Durning

v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts

which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of

public record, including pleadings, orders, and other papers filed with the court. *Mack v. South

Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986). A pro se litigant is entitled to notice of

the deficiencies in the complaint and an opportunity to amend, unless the complaint's

deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th

Cir. 1987).

Here, although plaintiff's complaint appears to allege discrimination and retaliation claim

under Title VII, the complaint does not contain factual allegations that would be sufficient to

"raise a right to relief above the speculative level" for either of those claims.

Title VII, 42 U.S.C. §§ 2000e *et seq.*, forbids employment discrimination based on race,

color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1); *Brown v. Gen. Servs. Admin.*,

425 U.S. 820, 825, 829, 834-35 (1976). An employee may show violations of Title VII by

proving disparate treatment, a hostile work environment, or retaliation for protected activities.

To establish a *prima facie* case of disparate treatment under Title VII, plaintiff must introduce

evidence that "give[s] rise to an inference of unlawful discrimination." *Yartzoff v. Thomas*, 809

F.2d 1371, 1374 (9th Cir. 1987) (quoting *Texas Dep't of Community Affairs v. Burdine*, 450 U.S.

248, 253 (1981)). Plaintiff must demonstrate that (1) he is a member of a protected class, (2) he

was performing his job in a satisfactory manner, (3) he suffered an adverse employment

4

decision, and (4) he was treated differently than similarly situated persons outside his protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  If plaintiff establishes a *prima facie* case, the burden of production shifts to defendant to articulate a legitimate, nondiscriminatory reason for the employment decision.  *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003) (citing *McDonnell Douglas*, 411 U.S. at 802).  If defendant offers a nondiscriminatory reason, the burden returns to plaintiff to show that the articulated reason is a pretext for discrimination.  *Leong*, 347 F.3d at 1124 (citing *McDonnell Douglas*, 411 U.S. at 804).  To succeed in carrying the ultimate burden of proving intentional discrimination, plaintiff may establish a pretext either directly, by showing that the employer was more likely motivated by a discriminatory reason, or indirectly, by showing the employer's proffered reason is unworthy of credence.  *Fragante v. City and County of Honolulu*, 888 F.2d 591, 595 (9th Cir. 1989) (citing  *Texas Dep't of Community Affairs*, 450 U.S. at 253).

        To establish a *prima facie* case of retaliation, plaintiff must establish that "(1) he engaged in protected activity, (2) he suffered an adverse personnel action, and (3) there was a causal link between the two."  *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988); *Yartzoff*, 809 F.2d at 1375.  In establishing a causal link, plaintiff must show that the alleged discriminator had knowledge of the protected activity.  *Cohen v. Fred Meyer, Inc*., 686 F.2d 796, 796 (9th Cir. 1982).  If plaintiff establishes a *prima facie* case, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for its decision.  Once an employer does so, plaintiff bears the burden of proving the reason was merely pretext for a retaliatory motive.  *Id*.

        Here, as defendant points out, plaintiff's complaint does not allege any facts supporting a Title VII discrimination or retaliation claim.  He does not allege a connection between any alleged discrimination and plaintiff's color, religion, and/or national origin, as he states in the complaint, or that he was treated differently than similarly situated persons outside his protected class.  He also does not allege that he engaged in any protected activity and that he suffered an adverse personnel action as a result.  Moreover, it is unclear from plaintiff's complaint whether

5

1   and on what basis he seeks to allege claims for "favoritism, liking and disliking, raise denial,

2   [and] promotion" or what is meant by those claims.

3          Therefore, plaintiff's complaint will be dismissed.  However, plaintiff will be granted

4   leave to file an amended complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en

5   banc) (district courts must afford *pro se* litigants an opportunity to amend to correct any

6   deficiency in their complaints).  In the amended complaint, plaintiff shall identify the specific

7   Title VII theory or theories on which plaintiff's complaint is based and shall state the specific

8   factual conduct that supports plaintiff's right to relief on each such theory.  In other words,

9   plaintiff shall state the specific conduct by defendant that plaintiff alleges was discriminatory,

10  retaliatory, and/or otherwise in violation of his Title VII rights, and he shall separate each factual

11  allegation in his complaint into its own paragraph, so that defendant can answer the allegations

12  in that paragraph.

13         Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to

14  make an amended complaint complete.  Local Rule 220 requires that an amended complaint be

15  complete in itself.  This is because, as a general rule, an amended complaint supersedes the

16  original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once

17  plaintiff files an amended complaint, the original no longer serves any function in the case.

18  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not

19  alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.

20  1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v.*

21  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

22  III.   <u>RULE 12(e) MOTION FOR A MORE DEFINITE STATEMENT</u>

23         Because defendant's motion to dismiss is granted, defendant's motion for a more definite

24  statement is denied as moot.

25  ////

26  ////

IV.     <u>CONCLUSION</u>

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendant's motion to dismiss pursuant to Rule 12(b)(6), Dckt. No. 8, is granted with leave to amend as provided herein;

2.  Defendant's motion for a more definite statement, Dckt. No. 8, is denied as moot; and

3.  Plaintiff has thirty days from the date this order issues to file an amended complaint, as provided herein.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED:  June 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7