IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IQTADAR AHMED,

        Plaintiff,               No. CIV S-10-3069 GEB EFB PS

    vs.

SAN JOAQUIN REGIONAL
RAIL COMMISSION,

        Defendant.            <u>ORDER</u>
_____/

      This case, in which plaintiff is proceeding *in forma pauperis* and *in propria persona*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).  Currently noticed for hearing on November 2, 2011 is defendant's motion to dismiss plaintiff's first amended complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) for failure to allege subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.  Dckt. No. 27.  Alternatively, defendant moves pursuant to Rule 12(e) for a more definite statement.  *Id.*  For the reasons stated herein, the November 2, 2011 hearing will be vacated and defendant's motion to dismiss will be granted with leave to amend.

I.    <u>BACKGROUND</u>

      On November 15, 2010, plaintiff filed an employment discrimination complaint against his former employer San Joaquin Regional Rail Commission pursuant to Title VII of the Civil

1   Rights Act of 1964, 42 U.S.C. § 2000e-5 ("Title VII").  Compl., Dckt. No. 1, ¶ 3.  According to

2   the complaint, the acts complained of in this suit are the termination of plaintiff's employment

3   and the following other acts: "retaliation, favoritism, liking and disliking, raise denial,

4   promotion."  *Id.* ¶ 4.  The complaint alleges that defendant discriminated against plaintiff on the

5   basis of his race or color, his religion, and his national origin.  *Id.* ¶ 5.  The complaint further

6   alleges that the basis surrounding plaintiff's claim of discrimination are as follows: "(1) my

7   supervisor denied my one day off to perform my religious activity" and "(2) religion."  *Id.* ¶ 6.

8   According to the complaint, the alleged discrimination occurred on or about August or

9   September 2008.  *Id.* ¶ 7.  Plaintiff was issued a Notice-of-Right-to-Sue letter by the Equal

10  Employment Opportunity Commission on September 2, 2010.  *Id.* ¶ 9, p.4.

11          Defendant moved to dismiss plaintiff's complaint, and on June 7, 2011, the court granted

12  defendant's motion to dismiss and provided plaintiff leave to file an amended complaint.  Dckt.

13  Nos. 8, 21.  The court noted that plaintiff's complaint did not allege any facts supporting a

14  Title VII discrimination or retaliation claim.  Dckt. No. 21 at 5.  Specifically, the complaint

15  failed to "allege a connection between any alleged discrimination and plaintiff's color, religion,

16  and/or national origin, as [plaintiff] state[d] in the complaint, or that he was treated differently

17  than similarly situated persons outside his protected class," and failed to "allege that [plaintiff]

18  engaged in any protected activity and that he suffered an adverse personnel action as a result."

19  *Id.*  The order further noted that it was "unclear from plaintiff's complaint whether and on what

20  basis [plaintiff] seeks to allege claims for 'favoritism, liking and disliking, raise denial, [and]

21  promotion" or what is meant by those claims."  *Id.* at 5-6.  Therefore, the complaint was

22  dismissed and plaintiff was granted leave to file an amended complaint.  *Id.* at 6.  Plaintiff was

23  instructed that any amended complaint "shall identify the specific Title VII theory or theories on

24  which plaintiff's complaint is based and shall state the specific factual conduct that supports

25  plaintiff's right to relief on each such theory.  In other words, plaintiff shall state the specific

26  conduct by defendant that plaintiff alleges was discriminatory, retaliatory, and/or otherwise in

violation of his Title VII rights, and he shall separate each factual allegation in his complaint into its own paragraph, so that defendant can answer the allegations in that paragraph."  *Id.*

After obtaining two extensions of time, plaintiff filed an amended complaint on August 12, 2011.  Dckt. No. 26.  The amended complaint alleges that plaintiff was "wrongfully terminated because of discrimination," *id.* at 3, and alleges the following facts:

- Plaintiff "was working for [defendant] in August/September 2008 when [he] requested a one day off to perform [his] religious activities," that plaintiff "gave a written time off slip to [his] new supervisor," and that the supervisor verbally denied the request for time off.  *Id.* at 1.

- Plaintiff was required to provide a doctor's note to his employer when he took one day off due to illness, even though the employer's policy only requires a doctor's note if an employee takes three days off due to illness.  *Id.*

- Plaintiff was required "to work almost 15 hours a day" while other employees "were working very short shifts."  *Id.* at 1-2.

- Plaintiff "was carrying cash in the amount of $5000 all day long in San Jose" and that "[t]his was all in record with [defendant] that how [plaintiff] was disliked by [his] supervisor."  *Id.* at 2.

- In March 2007, employees decided to hold a meeting to discuss unionizing and plaintiff's employer blamed plaintiff for arranging the meeting and instructed plaintiff to stop arranging those types of meetings, which plaintiff alleges he never arranged.  *Id.*

- Plaintiff received two performance evaluations in September 2007.  *Id.*

- On April 29, 2009, plaintiff "was terminated for dishonesty, theft, and embezzling money for $23,000" and his case "was sent to the Stockton Police Department" without plaintiff even being "given a chance to say something.  Plaintiff was questioned by a police detective and a deputy district attorney, and plaintiff "was found not guilty by both of them."  *Id.* at 3.

3

1    •      Plaintiff was the only employee to receive employee of the month in March 2005, and

2              plaintiff received a certificate for goal achievements, completed all of his trainings on

3              time, and received several emails from his customers.  *Id.*

4    •      Plaintiff hurt his back in a train wreck in September 2004, was off work for almost ten

5              days, and was paid by worker's compensation.  After that, plaintiff had back pain several

6              times throughout his employment but his employer always denied his requests to go to a

7              doctor.  *Id.*

8        Defendant now moves to dismiss plaintiff's amended complaint without leave to amend

9    pursuant to Rules 12(b)(1) and 12(b)(6), or in the alternative, moves for a more definite

10   statement pursuant to Rule 12(e).  Dckt. No. 27.

11   II.      <u>RULE 12(b)(6) MOTION TO DISMISS</u>

12        Defendant moves to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6),

13   arguing that plaintiff failed to comply with the June 7, 2011 order in that plaintiff's amended

14   complaint still fails to identify the specific Title VII theory on which plaintiff's complaint is

15   based.  Dckt. No. 27 at 3.  Defendant contends that instead, plaintiff's amended complaint

16   "consists of three pages of incoherent rambling – without even identifying the causes of action or

17   even the basis of this Court's subject matter jurisdiction. . . ."[1]  *Id.*  Defendant contends that

18   although the amended complaint alleges wrongful termination based on discrimination, plaintiff

19   still fails to state what legal theory of discrimination on which plaintiff relies – plaintiff does not

20   allege that he was discriminated against because of his sex, race, age, medical condition, marital

21   status, sexual orientation, disability, or other protected categories under any discrimination

22   statute.  *Id.* at 8.  Moreover, because it is unclear what statute or statutes plaintiff contends

23

24           [1] Defendant also moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) based
on plaintiff's failure to allege a basis for this court's jurisdiction.  Because defendant's Rule

25   12(b)(6) motion to dismiss will be granted, the court does not address this alternative argument.
Nonetheless, plaintiff will be reminded that any second amended complaint must allege a basis

26   for this court's jurisdiction.

1  defendant violated, it is unclear whether plaintiff's allegations are barred by the statute(s) of

2  limitations. *Id.* at 8-9. Defendant further argues that plaintiff's amended complaint also does not

3  identify any statute "that would embody a requisite public policy on which a [state law]

4  wrongful termination claim could be hinged. *Id.* at 10. Defendant contends that the motion to

5  dismiss should be granted without leave to amend since plaintiff "has had ample opportunity to

6  amend his complaint" and since permitting amendment would be "highly prejudicial to

7  defendant." *Id.*

8       To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

9  must contain more than a "formulaic recitation of the elements of a cause of action"; it must

10  contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell*

11  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more

12  . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

13  action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

14  236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to

15  'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

16  (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff

17  pleads factual content that allows the court to draw the reasonable inference that the defendant is

18  liable for the misconduct alleged." *Id.* Dismissal is appropriate based either on the lack of

19  cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal

20  theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

21       In considering a motion to dismiss, the court must accept as true the allegations of the

22  complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

23  the pleading in the light most favorable to the party opposing the motion, and resolve all doubts

24  in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

25  (1969). The court will "'presume that general allegations embrace those specific facts that are

26  necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256

5

1    (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

2           Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

3    *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.

4    1985).  However, the court's liberal interpretation of a pro se litigant's pleading may not supply

5    essential elements of a claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.

6    1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

7    Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual

8    allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v.*

9    *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept

10   unreasonable inferences, or unwarranted deductions of fact.  *W. Mining Council v. Watt*, 643

11   F.2d 618, 624 (9th Cir. 1981).

12          The court may consider facts established by exhibits attached to the complaint.  *Durning*

13   *v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

14   which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of

15   public record, including pleadings, orders, and other papers filed with the court.  *Mack v. South*

16   *Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  A pro se litigant is entitled to notice of

17   the deficiencies in the complaint and an opportunity to amend, unless the complaint's

18   deficiencies could not be cured by amendment.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th

19   Cir. 1987).

20          Here, although plaintiff's amended complaint appears to allege discrimination and

21   retaliation claim under Title VII and/or under applicable state law, it is unclear from the

22   amended complaint what plaintiff contends was the basis for such discrimination and/or

23   retaliation.  Therefore, plaintiff's amended complaint once again does not contain factual

24   allegations that would be sufficient to "raise a right to relief above the speculative level" for

25   either of those claims and should be dismissed.

26   ////

6

As previously explained in the June 7, 2011 order, Title VII, 42 U.S.C. §§ 2000e *et seq*., forbids employment discrimination based on race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1); *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 825, 829, 834-35 (1976). An employee may show violations of Title VII by proving disparate treatment, a hostile work environment, or retaliation for protected activities.

To establish a *prima facie* case of disparate treatment under Title VII, plaintiff must introduce evidence that "give[s] rise to an inference of unlawful discrimination." *Yartzoff v. Thomas*, 809 F.2d 1371, 1374 (9th Cir. 1987) (quoting *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).  Plaintiff must demonstrate that (1) he is a member of a protected class, (2) he was performing his job in a satisfactory manner, (3) he suffered an adverse employment decision, and (4) he was treated differently than similarly situated persons outside his protected class.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  At the pleading stage, plaintiff must allege in his complaint facts which, if taken as true, would establish each of these required elements.

If plaintiff establishes a *prima facie* case, the burden of production shifts to defendant to articulate a legitimate, nondiscriminatory reason for the employment decision.  *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003) (citing *McDonnell Douglas*, 411 U.S. at 802).  If defendant offers a nondiscriminatory reason, the burden returns to plaintiff to show that the articulated reason is a pretext for discrimination.  *Leong*, 347 F.3d at 1124 (citing *McDonnell Douglas*, 411 U.S. at 804).  To succeed in carrying the ultimate burden of proving intentional discrimination, plaintiff may establish a pretext either directly, by showing that the employer was more likely motivated by a discriminatory reason, or indirectly, by showing the employer's proffered reason is unworthy of credence.  *Fragante v. City and County of Honolulu*, 888 F.2d 591, 595 (9th Cir. 1989) (citing  *Texas Dep't of Community Affairs*, 450 U.S. at 253).

To establish a *prima facie* case of retaliation, plaintiff must establish that "(1) he engaged in protected activity, (2) he suffered an adverse personnel action, and (3) there was a causal link

1   between the two." *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988); *Yartzoff*, 809 F.2d at

2   1375.  In establishing a causal link, plaintiff must show that the alleged discriminator had

3   knowledge of the protected activity.  *Cohen v. Fred Meyer, Inc*., 686 F.2d 796, 796 (9th Cir.

4   1982).  If plaintiff establishes a *prima facie* case, the burden shifts to the employer to articulate a

5   legitimate, non-retaliatory reason for its decision.  Once an employer does so, plaintiff bears the

6   burden of proving the reason was merely pretext for a retaliatory motive.  *Id*.

7        Here, although the facts in plaintiff's amended complaint could potentially give rise to a

8   Title VII claim and/or state law claim, the amended complaint does not connect plaintiff's

9   factual allegations to a violation or violations of any particular statute or statutes.  The amended

10  complaint still does not allege a connection between any alleged discrimination and plaintiff's

11  color, religion, and/or national origin, as he states in the complaint, or that he was treated

12  differently than similarly situated persons outside his protected class.  Nor does the amended

13  complaint allege that plaintiff engaged in any protected activity and that he suffered an adverse

14  personnel action as a result.

15       Therefore, plaintiff's amended complaint will once again be dismissed.  However,

16  plaintiff will be granted leave to file a second amended complaint.  *Lopez v. Smith*, 203 F.3d

17  1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford *pro se* litigants an

18  opportunity to amend to correct any deficiency in their complaints).  In the second amended

19  complaint, plaintiff MUST identify the specific Title VII and/or state law theory or theories on

20  which plaintiff's complaint is based and shall state the specific factual conduct that supports

21  plaintiff's right to relief on each such theory.  In other words, plaintiff must allege that defendant

22  violated a particular statute or statutes (e.g., Title VII, wrongful termination under California

23  law, etc.), and shall state the specific conduct by defendant that violates each such statute.

24  Plaintiff shall also specify a basis for this court's subject matter jurisdiction.

25       Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to

26  make an amended complaint complete.  Local Rule 220 requires that an amended complaint be

complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files a second amended complaint, the amended complaint no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

III.     RULE 12(e) MOTION FOR A MORE DEFINITE STATEMENT

Because defendant's Rule 12(b)(6) motion to dismiss plaintiff's amended complaint is granted, defendant's motion for a more definite statement is denied as moot.

IV.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendant's motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6), Dckt. No. 27, is granted with leave to amend as provided herein.

2.  Defendant's motion for a more definite statement, Dckt. No. 27, is denied as moot.

3.  Plaintiff has thirty days from the date this order issues to file a second amended complaint, as provided herein.  The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."  Failure to timely file a second amended complaint in accordance with this order will result in a recommendation this action be dismissed.

4.  The status (pretrial scheduling) conference that is currently set for December 21, 2011 is continued to March 14, 2012 at 10:00 a.m. in Courtroom No. 24.

5.  The parties shall file status reports, as required by the November 23, 2010 order, on or before February 29, 2012.

////

////

6.  The September 19, 2011 order to show cause, Dckt. No. 28, is discharged.

DATED:  October 31, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE