IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IQTADAR AHMED,

    Plaintiff,                               No. 2:10-cv-3069-GEB-EFB PS

    vs.

SAN JOAQUIN REGIONAL
RAIL COMMISSION,

    Defendant.                           <u>ORDER</u>

_____/

       This case, in which plaintiff is proceeding *in forma pauperis* and *in propria persona*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21). Defendant moves to dismiss plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim. Dckt. No. 34. Alternatively, defendant moves pursuant to Rule 12(e) for a more definite statement. *Id.* For the reasons stated herein, defendant's motion to dismiss is granted with leave to amend.

I.      <u>BACKGROUND</u>

       On November 15, 2010, plaintiff filed an employment discrimination complaint against his former employer San Joaquin Regional Rail Commission pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 ("Title VII"). Compl., Dckt. No. 1, ¶ 3. According to the complaint, the acts complained of in this suit are the termination of plaintiff's employment

1

and the following other acts: "retaliation, favoritism, liking and disliking, raise denial, promotion." *Id.* ¶ 4. The complaint alleged that defendant discriminated against plaintiff on the basis of his race or color, his religion, and his national origin. *Id.* ¶ 5. The complaint further alleged that the basis for plaintiff's claim of discrimination are as follows: "(1) my supervisor denied my one day off to perform my religious activity" and "(2) religion." *Id.* ¶ 6. According to the complaint, the alleged discrimination occurred on or about August or September 2008. *Id.* ¶ 7. Plaintiff was issued a Notice-of-Right-to-Sue letter by the Equal Employment Opportunity Commission on September 2, 2010. *Id.* ¶ 9, p.4.

Defendant moved to dismiss plaintiff's complaint, and on June 7, 2011, the court granted the motion with leave to file an amended complaint. Dckt. Nos. 8, 21. The court noted that the complaint did not allege any facts supporting a Title VII discrimination or retaliation claim. Dckt. No. 21 at 5. Specifically, the complaint failed to "allege a connection between any alleged discrimination and plaintiff's color, religion, and/or national origin, as [plaintiff] state[d] in the complaint, or that he was treated differently than similarly situated persons outside his protected class," and failed to "allege that [plaintiff] engaged in any protected activity and that he suffered an adverse personnel action as a result." *Id.* The order further noted that it was "unclear from plaintiff's complaint whether and on what basis [plaintiff] seeks to allege claims for 'favoritism, liking and disliking, raise denial, [and] promotion" or what is meant by those claims." *Id.* at 5-6 quoting plaintiff's complaint. Therefore, the complaint was dismissed and plaintiff was granted leave to file an amended complaint. *Id.* at 6. Plaintiff was instructed that any amended complaint "shall identify the specific Title VII theory or theories on which plaintiff's complaint is based and shall state the specific factual conduct that supports plaintiff's right to relief on each such theory. In other words, plaintiff shall state the specific conduct by defendant that plaintiff alleges was discriminatory, retaliatory, and/or otherwise in violation of his Title VII rights, and he shall separate each factual allegation in his complaint into its own paragraph, so that defendant can answer the allegations in that paragraph." *Id.*

After obtaining two extensions of time, plaintiff filed an amended complaint on August 12, 2011. Dckt. No. 26. The amended complaint alleged that plaintiff was "wrongfully terminated because of discrimination," *id.* at 3, and alleged that he was denied a request for time off to perform his religious activities; he was required to provide a doctor's note to his employer when he took one day off due to illness, even though the employer's policy only requires a doctor's note if an employee takes three days off due to illness; he was required to work almost 15 hours a day while other employees worked shorter shifts; he was disliked by his supervisor; when employees decided to hold a meeting to discuss unionizing, his employer blamed him for arranging the meeting and instructed him to stop arranging those types of meetings, which he alleges he never arranged; he was terminated for dishonesty, theft, and embezzling money without an opportunity for him to respond to the allegations, despite the fact that he had been an excellent employee and despite the fact that the police determined he was not guilty of any crimes; and he hurt his back in a train wreck in September 2004, was off work for almost ten days, was paid by worker's compensation, and after that, when he had back pain, his employer always denied his requests to go to a doctor. *Id.* at 1-3.

Defendant moved to dismiss plaintiff's amended complaint, Dckt. No. 27, and on October 31, 2011, the court granted the motion with leave to amend. Dckt. No. 32. The court stated that "although plaintiff's amended complaint appears to allege discrimination and retaliation claim under Title VII and/or under applicable state law, it is unclear from the amended complaint what plaintiff contends was the basis for such discrimination and/or retaliation." *Id.* at 6. Therefore, the court found that "plaintiff's amended complaint once again [did] not contain factual allegations that would be sufficient to 'raise a right to relief above the speculative level' for either of those claims and should be dismissed." *Id.* The order once again explained what allegations would be necessary to state a Title VII claim and stated that "although the facts in plaintiff's amended complaint could potentially give rise to a Title VII claim and/or state law claim, the amended complaint does not connect plaintiff's factual

3

allegations to a violation or violations of any particular statute or statutes. The amended complaint still does not allege a connection between any alleged discrimination and plaintiff's color, religion, and/or national origin, as he states in the complaint, or that he was treated differently than similarly situated persons outside his protected class. Nor does the amended complaint allege that plaintiff engaged in any protected activity and that he suffered an adverse personnel action as a result." *Id.* at 8. Therefore, the amended complaint was dismissed, and plaintiff was provided specific instructions regarding any second amended complaint. *Id.* ("In the second amended complaint, plaintiff MUST identify the specific Title VII and/or state law theory or theories on which plaintiff's complaint is based and shall state the specific factual conduct that supports plaintiff's right to relief on each such theory. In other words, plaintiff must allege that defendant violated a particular statute or statutes (e.g., Title VII, wrongful termination under California law, etc.), and shall state the specific conduct by defendant that violates each such statute. Plaintiff shall also specify a basis for this court's subject matter jurisdiction.").

Plaintiff then filed a second amended complaint. Dckt. No. 33. It, too, is defective. The second amended complaint does not comply with the requirements set forth in the October 31, 2011 order and does not identify any specific Title VII and/or state law theory or theories on which plaintiff's complaint is based, nor does it state the specific factual conduct that supports plaintiff's right to relief on each such theory. Rather, the second amended complaint is another narrative statement of plaintiff's complaints about the workplace. Plaintiff alleges that he was an excellent employee during his seven years of employment with defendant, but when Mr. Giovanni was hired as plaintiff's supervisor, "[f]or some unknown reason, [he] did not like [plaintiff]." *Id.* at 1-2. He alleges that Mr. Giovanni changed plaintiff's work shifts constantly, that plaintiff then spoke to the executive director about that issue, and that "Mr. Giovanni was not pleased with the fact that I spoke to the executive director about this matter." *Id.* at 2.

////

4

Plaintiff alleges that soon after that, Mr. Giovanni denied plaintiff's request for a day off to attend a religious function; plaintiff "reported sickness which was denied"; and plaintiff received two performance evaluations in one month. *Id.* Plaintiff also alleges that the employees were in the process of forming a union around that time. *Id.* According to plaintiff, he was terminated in April 2009 because of missing money, without any opportunity for plaintiff to defend himself even though he had been a very good employee and had never received any sort of written or verbal warning regarding his job performance. *Id.* at 2-3. Plaintiff contends that after two weeks, defendant sent the case to the Stockton Police Department and District Attorney's Office, but that after they completed an investigation, they determined that plaintiff "was completely innocent and that there is no evidence for the reason [he] was terminated." *Id.* at 3. Plaintiff then states that "because of this wrongful termination," he lost his house, vehicle, and credit. *Id.*

Defendant moves to dismiss the second amended complaint, Dckt. No. 34, and plaintiff opposes the motion, Dckt. Nos. 36, 39.[1]

II.     RULE 12(b)(6) MOTION TO DISMISS

Defendant moves to dismiss plaintiff's second amended complaint pursuant to Rule 12(b)(6), arguing that plaintiff failed to comply with the October 31, 2011 order in that plaintiff's amended complaint still fails to identify the specific Title VII theory on which plaintiff's complaint is based. Dckt. No. 34 at 3. Defendant contends that instead, plaintiff's second amended complaint "is a narrative that fails to allege any legal basis for recovery, . . . fails to state any protected category on which a discrimination claim could be based [and] fails to state *any* basis for federal subject matter jurisdiction. . . ."[2] *Id.* Defendant contends that

---

[1] Although plaintiff's original opposition, Dckt. No. 36, was labeled an "Amended Complaint," it is clear that the document was intended as an opposition to defendant's motion to dismiss.

[2] Defendant also moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) based on plaintiff's failure to allege a basis for this court's jurisdiction. Because defendant's Rule 12(b)(6) motion to dismiss will be granted, the court does not address this alternative argument.

"[n]owhere in the Second Amended Complaint does Plaintiff link any of [the] purported facts to a legal theory of discrimination," and "[n]owhere in the pleading does he state a legal theory of discrimination, such as his race, sex, age, or any other protected categories under a discrimination statute." *Id.* at 5.  Defendant contends that since this action was filed in November 2010, plaintiff has committed various violations of court orders and has caused tremendous delays due to his defective pleadings. *Id.* at 5-7.  Defendant also argues that plaintiff's second amended complaint fails to meet the pleading standards, *id.* at 8-9; fails to plead a discrimination claim since it does not allege a recognizable basis of discrimination and, in fact, plaintiff alleges that Mr. Giovanni disliked him for an "unknown" reason, *id.* at 9-10; and fails to plead a claim for wrongful termination because it does not identify an underlying public policy, *id.* at 10-12.  Defendant contends that because plaintiff has already been granted multiple opportunities to amend his complaint, plaintiff should be denied further leave to amend and that granting leave to amend "would be highly prejudicial to defendant." *Id.* at 3.

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Dismissal is appropriate based either on the lack of

---

Nonetheless, plaintiff will be reminded that any third amended complaint must allege a basis for this court's jurisdiction.

6

cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th

7

Cir. 1987).

Once again, although plaintiff's second amended complaint appears to generally allege discrimination and retaliation claim under Title VII and/or under applicable state law, the second amended complaint does not allege the factual basis for such discrimination and/or retaliation. The second amended complaint once again does not contain factual allegations that would be sufficient to "raise a right to relief above the speculative level" for either of those claims and should be dismissed.

As previously explained in the June 7, 2011 and October 31, 2011 orders, Title VII, 42 U.S.C. §§ 2000e *et seq.*, forbids employment discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1); *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 825, 829, 834-35 (1976). An employee may show violations of Title VII by proving disparate treatment, a hostile work environment, or retaliation for protected activities.

To establish a *prima facie* case of disparate treatment under Title VII, plaintiff must introduce evidence that "give[s] rise to an inference of unlawful discrimination." *Yartzoff v. Thomas*, 809 F.2d 1371, 1374 (9th Cir. 1987) (quoting *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). Plaintiff must demonstrate that (1) he is a member of a protected class, (2) he was performing his job in a satisfactory manner, (3) he suffered an adverse employment decision, and (4) he was treated differently than similarly situated persons outside his protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If plaintiff establishes a *prima facie* case, the burden of production shifts to defendant to articulate a legitimate, nondiscriminatory reason for the employment decision. *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003) (citing *McDonnell Douglas*, 411 U.S. at 802). If defendant offers a nondiscriminatory reason, the burden returns to plaintiff to show that the articulated reason is a pretext for discrimination. *Leong*, 347 F.3d at 1124 (citing *McDonnell Douglas*, 411 U.S. at 804). To succeed in carrying the ultimate burden of proving intentional discrimination, plaintiff may establish a pretext either directly, by showing that the employer was more likely motivated

by a discriminatory reason, or indirectly, by showing the employer's proffered reason is unworthy of credence. *Fragante v. City and County of Honolulu*, 888 F.2d 591, 595 (9th Cir. 1989) (citing *Texas Dep't of Community Affairs*, 450 U.S. at 253).

To establish a *prima facie* case of retaliation, plaintiff must establish that "(1) he engaged in protected activity, (2) he suffered an adverse personnel action, and (3) there was a causal link between the two." *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988); *Yartzoff*, 809 F.2d at 1375. In establishing a causal link, plaintiff must show that the alleged discriminator had knowledge of the protected activity. *Cohen v. Fred Meyer, Inc*., 686 F.2d 796, 796 (9th Cir. 1982). If plaintiff establishes a *prima facie* case, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for its decision. Once an employer does so, plaintiff bears the burden of proving the reason was merely pretext for a retaliatory motive. *Id*.

Here, although the facts in plaintiff's second amended complaint suggest that plaintiff might be able to allege facts giving rise to a Title VII claim and/or state law claim, the second amended complaint still does not connect plaintiff's factual allegations to a violation or violations of any particular statute or statutes. The second amended complaint still does not allege a connection between any alleged discrimination and plaintiff's color, religion, and/or national origin, as he states in the complaint, or that he was treated differently than similarly situated persons outside his protected class. Nor does the second amended complaint allege that plaintiff engaged in any protected activity and that he suffered an adverse personnel action as a result.

Therefore, plaintiff's second amended complaint will also be dismissed. However, plaintiff will again be granted leave to amend; this time to file a third amended complaint.[3]

---

[3] Although defendant argues that leave to amend should be denied, plaintiff states in his opposition that he "was terminated on false charges because of [his] race, religion, and nationality," and that Mr. Giovanni did not like plaintiff "because of [his] race, religion and nationality." Dckt. No. 36 at 2; Dckt. No. 39 at 2, 3. Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a

*Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford *pro se* litigants an opportunity to amend to correct any deficiency in their complaints). In the third amended complaint, plaintiff MUST identify the specific Title VII and/or state law theory or theories on which plaintiff's complaint is based and shall state the specific factual conduct that supports plaintiff's right to relief on each such theory. In other words, plaintiff must allege that defendant violated a particular statute or statutes (e.g., Title VII, wrongful termination under California law, etc.), and shall state the specific conduct by defendant that violates each such statute. Plaintiff shall also specify a basis for this court's subject matter jurisdiction.[4]

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files a third amended complaint, the second amended complaint no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

III.   RULE 12(e) MOTION FOR A MORE DEFINITE STATEMENT

Because defendant's Rule 12(b)(6) motion to dismiss plaintiff's second amended complaint is granted, defendant's motion for a more definite statement is denied as moot.

////

---

Rule 12(b)(6) motion, *see Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, *see, e.g., Broam v. Bogan*, 320 F.3d 1023, 1026 n 2 (9th Cir. 2003).

[4] Plaintiff may wish to contact the Voluntary Legal Services Program of Northern California at (916) 551-2102 to determine whether they can provide plaintiff with any assistance in this action.

IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss plaintiff's second amended complaint pursuant to Rule 12(b)(6), Dckt. No. 34, is granted with leave to amend as provided herein.

2. Defendant's motion for a more definite statement, Dckt. No. 34, is denied as moot.

3. Plaintiff has thirty days from the date this order issues to file a third amended complaint, as provided herein. The third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint." Failure to timely file a third amended complaint in accordance with this order will result in a recommendation this action be dismissed.

4. The January 4, 2012 order to show cause, Dckt. No. 35, is discharged.

DATED: June 26, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11